# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NUTRITION DISTRIBUTION, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17CV2519JCH |
| 1 NATION NUTRITION HOLDINGS, LLC, et al., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant 1 Nation Nutrition Holdings, LLC's, and Defendant Infantry Labs, LLC's, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF 8). The matter is fully briefed and ready for disposition.

## FACTUAL BACKGROUND

Plaintiff Nutrition Distribution, LLC, alleges as follows in its Amended Complaint: Plaintiff is a "sports supplement manufacturer and marketer," and "has products in several categories of body building products." (ECF 7, ¶¶ 18-19). "Around 2007, Plaintiff began developing a new product in the muscle-gainer sub-market of the nutritional supplement world," which product it introduced as Mass FX Black. (ECF 7, ¶¶ 20-21).

Plaintiff further alleges as follows: Defendants have unlawfully advertised, marketed, distributed, and offered for sale products containing Selective Androgen Receptor Modulators (SARMs), which "are synthetic drugs intended to have similar effects as illegal anabolic steroids." (ECF 7, ¶ 1). Despite Defendants' "tout[ing] numerous purported health and physical benefits of their SARMs Product" on a Facebook page, "SARM drugs are still in the research and testing phases," and "products containing SARMs are not . . . safe and effective for use under the conditions suggested by Defendants and may pose significant potential health and safety risks to consumers." (ECF 7, ¶¶ 4-5). "Defendants fail to disclose that SARMs are specifically prohibited for use in sporting events, . . ., despite the fact that Defendants specifically market their products to body builders and other competitive athletes." (ECF 7, ¶ 7). "Defendants have knowingly and materially participated in a false and misleading advertising campaign to promote and sell their products containing SARMs," which conduct has "unjustly enriched Defendants at the expense of Plaintiff" and has caused Plaintiff "extensive and irreparable harm, including but not limited to, loss of revenue, disparagement, and loss of goodwill." (ECF 7, ¶ 8).

The Amended Complaint also alleges that: "SARMS are not legal as ingredients in any type of dietary supplement." (ECF 7, ¶ 24). "Defendants knew all along that their products were not recognized among experts as safe and

effective" and knew the products "may pose significant potential health and safety risks to consumers." (ECF 7, ¶ 26). "Defendants' false and misleading advertising is harmful to the marketplace for dietary and nutritional supplements and potentially to individual consumers," and "[u]sers of the SARMs Products have little incentive to use a natural product like [Plaintiff's product] Mass FX Black until they are hurt or the product is taken off the shelves." (ECF 7, ¶ 27).

Plaintiff seeks relief pursuant to Section 43(a)(1)(B) of the Lanham Act, codified as 15 U.S.C. § 1125(a)(1)(B). In its Lanham Act claim, Plaintiff repeats the allegations stated above and alleges that "medical experts have opined that products containing SARMs 'have **many recognized potential serious side effects,** including hepatoxicity (liver damage), and markedly lower plasma HDL cholesterol (raising the risk of heart disease)'" (emphasis in original); that Defendants' false marketing of their SARMs Products "has the tendency to deceive a substantial segment of the public and consumers . . . into believing they are purchasing a product with different characteristics"; that this "deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer is concerned about the consequence of taking steroids or illegal substances"; that "Defendants have introduced their false and misleading statements into interstate commerce via marketing and advertising" and via "shipment of their products into interstate commerce"; that "Plaintiff has suffered

3

both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendants and the loss of goodwill in Plaintiff's products"; and that these false and misleading statements constitute "false and misleading descriptions and misrepresentations of fact in commerce," in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (ECF 7, ¶¶ 28-38).

For relief, Plaintiff seeks compensatory damages, restitution, and treble damages pursuant to 15 U.S.C. § 1117, punitive damages, costs and attorneys' fees, and preliminary and permanent injunctions enjoining Defendants from producing, licensing, marketing, and selling any SARMs Products. (ECF 7 at 9-10).

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10(b) provides that in his or her complaint:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to

dismiss a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft,* 556 U.S. at 679 (*citing Twombly,* 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 555).

Further, in regard to a Rule 12(b)(6) Motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed. 2004).

*Twombly,* 550 U.S. at 555. *See also Gregory v. Dillard=s, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right.'") (*quoting Stalley v. Catholic Health Initiative,* 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his or her] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*abrogated on other grounds, Horlow v. Fitzgerald,* 457 U.S. 800 (1982)).

With these principles in mind, the Court will consider Defendants' Motion to Dismiss.

## DISCUSSION

Defendants argue, in support of their Motion to Dismiss, that Plaintiff's Complaint is "devoid of any specific allegation relating to how Defendants' alleged false advertising damaged Plaintiff other than a cursory and generalized statement that [P]laintiff 'has suffered an ascertainable economic loss of money and reputational injury' as a result of Defendants' allege conduct." As such, Defendants contend Plaintiff fails sufficiently to allege that it was injured as a

result of Defendants' conduct. (ECF 9 at 1-2). Defendants also argue that Plaintiff has failed sufficiently to plead factors necessary for establishing that it is entitled to injunctive relief. (ECF 9 at 2).

The Amended Complaint alleges that Defendants made false and misleading descriptions and misrepresentations of fact about their SARMs products, in commerce, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Section 1125(a) of the Lanham Act provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> . . . .
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

A plaintiff may bring a cause of action, under the Lanham Act, against a defendant based on the defendant's making false statements about its own product, as the Act's purpose is "to protect persons engaged in commerce against false advertising and unfair competition." *See e.g., Process Controls Int'l, Inc. v. Emerson Process Mgmt,* 753 F. Supp.2d 912, 929 (E.D. Mo. 2010). Further, in order to state a claim for false advertising under Section 1125(a), a plaintiff must

7

allege that: (1) The defendant "made false statements of fact about its own or another's product; (2) the statements actually deceived or had the tendency to deceive a substantial portion of the audience; (3) the deception was material; (4) [the defendant] caused the false statement to enter interstate commerce; and (5) [the plaintiff] has been or is likely to be injured because of [the defendant's] false statement." *Id.* at 929 (*citing Allsup, Inc. v. Advantage 2000 Consultants, Inc.,* 428 F.3d 1135, 1138 (8th Cir. 2005)). It is only necessary to establish the "likelihood of deception" to obtain equitable relief under the Lanham Act. To recover damages a "plaintiff must establish that the buying public was actually deceived." *Skil Corp. v. Rockwell Int'l Corp.,* 375 F. Supp. 777, 783 (N.D. Ill. 1974).

As set forth above, Plaintiff's Amended Complaint does more than merely recite all the elements of a prima facie case of a cause of action under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Specifically, in regard to the injury Plaintiff has suffered as a result of Defendants' alleged violation of the Lanham Act, the Amended Complaint alleges that Plaintiff, which manufactures nutritional supplements, has been injured by virtue of diversion of its business as a result of Defendants' falsely marketing its nutritional supplements, in particular, SARMs products. As such, the Court finds that Plaintiff has sufficiently alleged, not only the likelihood that it will be injured in the future, but that it has actually been injured as a result of Defendants' alleged conduct. The Amended Complaint,

therefore, states a plausible claim for relief under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). *See Ashcroft,* 556 U.S. at 679; *Twombly,* 550 U.S. at 556. Whether Plaintiff has established a prima facie case of a Lanham Act violation, specifically, the truth of Plaintiff's allegations that Defendants have falsely marketed their products and that Plaintiff has been harmed by Defendants' conduct, is more appropriately addressed pursuant to a motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant 1 Nation Nutrition Holdings, LLC's, and Defendant Infantry Labs, LLC's, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 8) is **DENIED**.

Dated this 18th Day of December 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE